## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Victoria RUEDA VISBAL<br>10 Shanandale Court<br>Silver Spring, MD 20904<br><br>　　Plaintiff<br><br>　　v.<br><br>Dmitry BOCHARNIKOV<br>12823 Wrexham Road<br>Herndon, VA 20171<br><br>　　Defendant | CIVIL ACTION<br><br><br><br>CASE NUMBER:<br>_____ |

## COMPLAINT

COMES NOW the Plaintiff, Victoria Rueda Visbal (Ms. Rueda), by and through her counsel, Andrew V. Jezic, T. Bruce Godfrey, and Jezic & Moyse, LLC, and brings this cause of action against the Defendant, Dmitry Bocharnikov (Mr. Bocharnikov), and in support thereof states the following.

### Jurisdiction and Venue

1. Ms. Rueda is a resident and citizen of Maryland.

2. Mr. Bocharnikov is a resident and citizen of Virginia.

3. Complete diversity of citizenship exists between the two parties.

4. Damages in excess of $75,000.00 are in controversy in this matter.

5. This action involves allegations of tortious injuries upon a vessel travelling in the navigable waters of the Potomac River within the District of Columbia.

6. Diversity jurisdiction under 28 U.S.C. §1332 lies in this Court in this matter.

7. Venue is proper before this Court because substantially all, and certainly a substantial part, of the events and omissions described in this action occurred in this District pursuant to 28 U.S.C. §1391.

**Parties**

8. Ms. Rueda is an adult and is a resident of Silver Spring, Montgomery County, MD. On the date of the tortious acts described herein, August 7, 2016, she was a resident of Prince George's County, Maryland.

9. Dmitry Bocharnikov is an adult and, at all relevant times hereto, has been a resident of Fairfax County, Virginia.

**Factual Background**

10. On or about August 7, 2016, Ms. Rueda boarded a Sea Ray Weekender 245 ("the speedboat" or "the vessel"), owned and operated by Mr. Bocharnikov at the James Creek Marina in Southwest Washington, DC as a social guest. Several other social guests of Mr. Bocharnikov likewise boarded the vessel.

11. After weighing anchor, Mr. Bocharnikov piloted the vessel into the waters of the Potomac River within the District of Columbia.

12. Once underway and in the waters of the Potomac River, and without a warning to his passengers, Mr. Bocharnikov accelerated the speedboat and made rapid, sharp turns with the speedboat at high rates of speed, creating visible wakes.

13. Mr. Bocharnikov's first rapid turn was sufficient to spill multiple passengers forward from their seats, including Ms. Rueda, causing them to scream with alarm.

14. A second such turn, again without warning to his passengers, caused Ms. Rueda to be ejected from her seat, to fall forward and to strike her head face-first into a metal support railing. The impact caused fractures in and near her jaw, her teeth, her right eye socket both below and above her right eyeball, her jaw and her zygomaticomaxillary process (cheekbone), as well as other injuries and/or damages.

15. As a direct and proximate result of the impact, Ms. Rueda suffered and continues to suffer pain, debilitation, disfigurement, impediments to her speech, migraines and a diminishment in her capacity to work as a Spanish-English interpreter in metropolitan Washington and was otherwise injured.  Her injuries have necessitated multiple surgeries as recently as April 2019 and her medical bills related to her fractures total, to date, approximately $354,000.00 and are expected to continue to climb.

16. At all times relevant hereto, Mr. Bocharnikov owed all his passengers, including Ms. Rueda, a duty to operate his vessel in a safe manner, free from negligence and with due regard for the safety of other persons.

17. Mr. Bocharnikov breached that duty by, *inter alia,* (a) failing to maintain his speedboat at a safe and reasonable speed; (b) turning his vessel at an unreasonable speed and unreasonable arc; (c) turning his vessel into to the turbulence of his wakes, (d) failing to warn his passengers prior to negotiating such turns, and (e) otherwise failing to operate his vessel in a safe, reasonable, and seaworthy manner.

18. As a direct and proximate result of the negligent and/or reckless acts of Mr. Bocharnikov and through no contributory or comparative fault on the part of Ms. Rueda, Ms. Rueda suffered, and will continue to suffer, serious physical injuries to her head and face as well as and great pain and suffering, and was otherwise injured and damaged.

## COUNT I
## GROSS RECKLESSNESS
## UNDER THE LAWS OF THE DISTRICT OF COLUMBIA

19. Paragraphs 1 through 18 above are incorporated into this count as if restated herein in full.

20. Mr. Bocharnikov owed Ms. Rueda a duty of reasonable care.

21. Mr. Bocharnikov acted with reckless disregard toward the safety of Ms. Rueda.

22. Through his willful and wanton disregard of Ms. Rueda's welfare as identified herein, Mr. Bocharnikov breached his duty of reasonable care to Ms. Rueda.

23. Ms. Rueda suffered serious, life-altering damages as a result of Mr. Bocharnikov's breach of duty.

24. But for Mr. Bocharnikov's breach of his duty, Ms. Rueda would not have suffered those damages and those damages were a reasonably foreseeable consequence of Mr. Bocharnikov's breach of duty.

WHEREFORE Ms. Rueda requests a money judgment for consequential economic and non-economic damages in the amount of $5,000,000.00 and an additional award of punitive damages in the amount $10,000,000.00 per the law of the District of Columbia, plus costs and interest.

## COUNT II
## NEGLIGENCE UNDER DISTRICT OF COLUMBIA LAW

25. Paragraphs 1 through 24 above are incorporated into this count as if restated herein in full.

26. Mr. Bocharnikov owed Ms. Rueda a duty of reasonable care.

27. Mr. Bocharnikov breached his duty of reasonable care to Ms. Rueda.

28. Ms. Rueda suffered serious, life-altering damages as a result of Mr. Bocharnikov's breach of duty.

29. But for Mr. Bocharnikov's breach of his duty, Ms. Rueda would not have suffered those damages and those damages were a reasonably foreseeable consequence of Mr. Bocharnikov's breach of duty.

WHEREFORE Ms. Rueda requests a money judgment for consequential economic and non-economic damages in the amount of $5,000,000.00, plus costs and interest.

## COUNT III
## NEGLIGENCE UNDER MARITIME LAW
## 46 U.S.C. § 30103, 30103, and Federal Maritime Common Law

30. Paragraphs 1 through 29 above are incorporated into this count as if restated herein in full.

31. Mr. Bocharnikov owed Ms. Rueda a duty of reasonable care.

32. Mr. Bocharnikov breached his duty of reasonable care to Ms. Rueda.

33. Ms. Rueda suffered serious, life-altering damages as a result of Mr. Bocharnikov's breach of duty.

34. But for Mr. Bocharnikov's breach of his duty, Ms. Rueda would not have suffered those damages and those damages were a reasonably foreseeable consequence of Mr. Bocharnikov's breach of duty.

WHEREFORE Ms. Rueda requests a money judgment for consequential economic and non-economic damages in the amount of $5,000,000.00, plus costs and interest.

## DEMAND FOR JURY TRIAL

The Plaintiff respectfully demands a trial by jury on all issues triable by a jury under applicable laws of the District of Columbia and of the United States, including the "savings to suitors" provisions of 28 U.S.C. §1333(1).

Respectfully submitted,

/s/
_____
Andrew V. Jezic #248874
**JEZIC & MOYSE, LLC**
2730 University Blvd., West, Suite 604
Wheaton, Maryland 20902
(240)292-7200
Fax (240) 292-7225
avjezic@aol.com

/s/
_____
T. Bruce Godfrey #495495
**JEZIC & MOYSE, LLC**
2730 University Blvd., West, Suite 604
Wheaton, Maryland 20902
(240)292-7200
Fax (240) 292-7225
godfrey@jezicfirm.com